# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| ROBERT LAFAYETTE, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NEVADA et al., <br><br> Defendants. | Case No. 2:16-cv-02935-APG-VCF <br><br> **ORDER GRANTING MOTIONS TO DISMISS** <br><br> (ECF Nos. 15, 18, 21, 22) |

Plaintiff Robert Lafayette brings this case for "trespass" and "trespass on the case" against the defendants, contesting a home foreclosure carried out in 2015. Although the exact grievance is mostly inscrutable, it fits most closely with a claim for wrongful foreclosure, and possibly also a claim for intentional or negligent misrepresentation. The defendants move to dismiss the case for lack of subject matter jurisdiction. Because the complaint presents no federal question and the parties are not completely diverse, I lack jurisdiction over the matter and therefore grant the defendants' motions to dismiss.

United States district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court has original jurisdiction over cases "arising under the Constitution, treaties or laws of the United States," or when the amount in controversy exceeds the sum of $75,000 and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1331; 28 U.S.C. § 1332(a); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) ("complete diversity of citizenship" is required). The party asserting that this Court has jurisdiction bears the burden of establishing it. *See Kokkonen*, 511 U.S. at 377.

The complaint appears to assert claims for wrongful foreclosure and misrepresentation (each of the seven causes of action is entitled "trespass on the case," but the claims do not present seven coherent, distinct causes of action). These claims do not arise under the

Constitution, laws, or treaties of the United States. Section 1331 therefore does not provide subject matter jurisdiction because a federal question is not presented on the face of the plaintiff's complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Lafayette describes himself as a "sovereign citizen," but asserts he is "a people of Nevada," which I understand to mean he is a citizen of Nevada for purposes of diversity jurisdiction analysis. One basis on which the defendants move to dismiss the complaint is that complete diversity is destroyed by defendants Clark County and the State of Nevada. *See Nevada ex rel. Colorado River Comm'n of Nevada v. Pioneer Cos., Inc.*, 245 F. Supp. 2d 1120, 1129 (D. Nev. 2003) (quoting *Missouri Water Users' Ass'n v. Montana Power Co.*, 139 F.2d 998, 999 (9th Cir.1944) ("Absent a federal question, the district courts are not possessed of jurisdiction of suits by or against a state.")). Lafayette offers no response in rebuttal. He therefore has not met his burden of establishing that subject matter jurisdiction exists in this Court. He may pursue his claims in state court but not in federal court as he has presented them in his complaint.

IT IS THEREFORE ORDERED that the defendants' motions to dismiss **(ECF Nos. 15, 18, 21, 22) are GRANTED** with leave to amend. If Lafayette can file an amended complaint curing the jurisdictional defects in his original complaint, he must file that amended complaint by May 8, 2017. If he fails to do so, the case will be closed.

DATED this 24th day of April, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE